Christina L. Henry, WSBA# 31273
chenry@hdm-legal.com
Henry & DeGraaff, PS
150 Nickerson St, Ste. 311
Seattle, WA 98109
Tel# 206-330-0595
Fax: +1-206-400-7609

The Honorable Thomas S. Zilly

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

THE BANK OF NEW YORK MELLON AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-SD1 FKA THE BANK OF NEW YORK,

Plaintiff,

v.

KAREN D. SMITH, an individual; and all other persons, parties, or occupants unknown claiming any legal or equitable right, title, estate, lien, or interest in the real property described in the complaint herein, adverse to Plaintiff's title, or any cloud on Plaintiff's title to the Property, collectively designated as DOES 1 through 50, inclusive,

Defendant.

Case No.: 2:18-cv-00764-TSZ

MOTION TO DISMISS UNDER FED. R. CIV. P 12(B)(6)

NOTED ON MOTION CALENDAR August 31, 2018

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Karen D. Smith and other nonexistent Doe defendants ("Smith") move for an order dismissing with prejudice the complaint of foreclosure filed by the Bank of New York Mellon as Trustee for the Benefit of the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series 2007-SD1, fka The Bank Of New York ("BONY").

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

# I. FACTS

## A. Loan and Default

Smith received $356,250.00 for a mortgage loan ("Loan") on February 9, 2007. BONY Compl. ¶ 4. Smith also executed and delivered as part of the same transaction a Promissory Note ("Note") secured by Deed of Trust against certain real property known as 819 21st Ave, Seattle, WA 98122 ("Property"). BONY Compl. ¶¶ 5-6. The Loan was payable in monthly installments with a maturity date of March 1, 2037. *See* BONY Compl. ¶¶ 7. Smith stopped paying her mortgage on July 1, 2007 and failed to pay every installment payment thereafter. BONY Compl. ¶ 9.

## B. The Bankruptcy

Smith filed for bankruptcy on September 5, 2007, in the U.S. Bankruptcy Court for the Western District of Washington at Seattle, under cause No. 08−13473-PHB. Request for Judicial Notice ("RJN"), Ex. 1, 2. The Property was listed on Schedule A and the mortgage obligation was listed under Schedule D of Smith's bankruptcy petition. RJN, Ex. 3. Plaintiff acknowledged the bankruptcy through the filing of a motion for relief from stay filed on BONY's behalf by its servicer Countrywide Home Loans Servicing, LP. RJN, Ex. 4, 5 and 6. Smith was granted a discharge of debts, including the mortgage obligation on the Property, under 11 U.S.C. §727 on September 11, 2009. RJN, Ex. 7.

# II. STANDARD OF REVIEW FOR MOTION TO DISMISS

## A. Fed. R. Civ. P. 12(b)(6) Motions to Dismiss

In ruling on the defendants' motion to dismiss under Rule 12(b)(6), this Court analyzes the complaint and takes all allegations of material fact as true and construe[s] them in the light most favorable to the non-moving party. *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). In considering whether

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986); *Barker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009). Additionally, when evaluating the adequacy of a complaint, the court may consider facts outside of the pleading that are subject to judicial notice—such as public documents if their authenticity cannot be reasonably disputed—without converting a motion to dismiss into a motion for summary judgment. *Estate of Blue v. County of Los Angele*s, 120 F.3d 982, 984 (9th Cir. 1997) (resolving a statute of limitations question on a motion to dismiss, although it requires taking judicial notice of documents filed in other cases).

## III. LAW AND ARGUMENT

### A. The Plaintiff's Claim for Judicial Foreclosure is Time-Barred; the Last Day to Enforce the Loan by Foreclosure was September 11, 2015.

The discharge of a borrower's personal liability on a loan through bankruptcy—which in this case occurred on September 11, 2009, the date Smith received her discharge—is analogous to a promissory note's maturation. *Jarvis v. Fed. Nat'l Mortg. Ass'n*, No. C16-5194-RBL at *3, 2017 WL 1438040 (W.D. Wash. Apr. 24, 2017), *aff'd mem.*, 726 Fed.App'x. 666 (9th Cir. 2018). Under Washington law a lender has six years from the date of such a discharge of personal liability to enforce its deed of trust. RCW 4.16.040. BONY's current effort to foreclose judicially is taken after the statute of limitations had expired.

RCW 4.16.040 provides that "[a]n action upon a contract in writing" must be "commenced within six years." *See Edmundson v. Bank of Am.*, 194 Wn. App 920, 927 (Ct. App. 2016). When the statute of limitations on the right to enforce a promissory note expires, the right to enforce a deed of trust securing the note also expires. *Walcker v. Benson and McLaughlin,* P.S., 79 Wn. App. 739, 740-41, 904 P.2d 1176 (Ct. App. 1995). "[T]he statute of limitations runs against each installment from the time it becomes due; that is, from the time when an action might be brought to recover it." *Edmundson*, 378 P.3d at 277 (quoting *Herzog v. Herzog*, 161

HENRY & DEGRAAFF, P.S.
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

P.2d 142, 144–45, 23 Wn.2d 382 (1945)). The final six-year period to foreclose runs from the time the final installment becomes due. *See 4518 S. 256th, LLC v. Karen L. Gibbon, P.S.*, 382 P.3d 1, 6 (Wash. Ct. App. 2016). This occurs upon the last installment due before discharge of the borrower's personal liability on the associated note. *See Edmundson*, 378 P.3d at 278.

In the present case, installment payments were due until Ms. Smith received her discharge on September 11, 2009. The discharge eliminated the personal liability of Ms. Smith the Note, leaving only the *in rem* right to enforce the Note. *See Johnson v. Home State Bank,* 501 U.S. 78, 82–84 (1991) (concluding that the debtor's *in personam* obligation under a mortgage, but not the *in rem* obligation, was discharged pursuant to a Chapter 7 petition and that, in addition, the remaining *in rem* property interest was a "claim" under the broad definition in the Bankruptcy Code subject to inclusion in a subsequent Chapter 13 reorganization plan).

Smith never made any further payments on the note after her bankruptcy. The statute of limitations to foreclose on the deed of trust ran from the last installment due before Ms. Smith's bankruptcy discharge in September 2009 and expired before the judicial complaint was filed. As such, actions to foreclose are now barred under the statute of limitations.

**B. Dismissal Should Be With Prejudice**

A complaint should be dismissed with prejudice when repleading would be futile and it is it is clear on de novo review that the complaint could not be saved by amendment. *Eminence Capital, LLC v. Aspeon, Inc*., 316 F.3d 1048, 1052 (9th Cir 2003). Here, dismissal with prejudice is appropriate because any attempt by BONY to amend the complaint would be futile. As discussed above, BONY's contention that they can maintain a judicial foreclosure is without merit. The installment loans expired on September 11, 2009 and it has been more than six years since that time.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Defendant respectfully requests that the Court dismiss the Plaintiff's foreclosure Complaint and grant judgment in favor of Defendant Karen D. Smith

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

pursuant to Fed. R.Civ. P. 12(b)(6). Further, because the any amendment would be futile because dismissal is based on matters of law, and not fact, Defendant requests dismissal of the complaint with prejudice.

Dated this 7th of August, 2018.

/s/ Christina L. Henry
Christina L Henry, WSBA# 31273
Henry & DeGraaff, PS
150 Nickerson St, Ste 311
Seattle, WA 98109
Tel# 206-330-0595
Fax@ +1-206-400-7609
chenry@hdm-legal.com

/s/ V. Omar Barraza
V. Omar Barraza, WSBA# 43589
Barraza Law, PLLC
14245 Ambaum Blvd SW
Burien, WA 98166
Tel# 206-933-7861
Fax@ 206-933-7863
omar@barraazalaw.com

MOTION TO DISMISS UNDER FED. R. CIV. P 12(B)(6)NOTED ON MOTION CALENDARAUGUST 31, 2018 - 5

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609

## V. CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing document to be filed with the Clerk of the Court via CM/ECF system. Pursuant to their ECF agreement, the Clerk will give notice of this filing to all counsel of record via email.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed August 7, 2018 at Seattle, Washington.

_*s/ Christina L Henry*_________________
Christina L Henry

MOTION TO DISMISS UNDER FED. R. CIV. P 12(B)(6)NOTED ON MOTION CALENDARAUGUST 31, 2018 - 6

**HENRY & DEGRAAFF, P.S.**
150 NICKERSON ST. STE 311
SEATTLE, WASHINGTON 98109
telephone (206) 330-0595
fax (206) 400-7609