Hon. Thomas S. Zilly

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| THE BANK OF NEW YORK MELLON,<br><br>Plaintiff,<br>vs.<br><br>KAREN D. SMITH, et al.<br><br>Defendants. | CASE NUMBER: 2:18-cv-00764-TSZ<br><br>**PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF RESPONSE TO DEFENDANT KAREN D. SMITH'S MOTION TO DISMISS UNDER FED. R. CIV. 12(b)(6)**<br><br>**NOTED ON MOTION CALENDAR: August 31, 2018** |

COMES NOW Plaintiff, The Bank of New York Mellon as Trustee for the Benefit of the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates, Series

Malcolm ♦ Cisneros, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, CA 92612

2007-SDI FKA The Bank of New York ("Plaintiff"), by and through its counsel of record, Nathan F. Smith and Grant E. Courtney and Malcolm Cisneros, A Law Corporation, and pursuant to Evidence Rule 201, Plaintiff hereby requests that the Court take judicial notice of the following documents in support of its Response to Defendant's Motion to Dismiss:

Exhibit A – Copy of a notice of trustee's sale filed with the King County Auditor under Instrument No. 2009057001824 on May 27, 2009.

Exhibit B – Copy of a notice of trustee's sale filed on July 19, 2010, under King County Auditor's Instrument No. 20100719000956.

Exhibit C – Copy of a notice of trustee's sale filed under King County Auditor's Instrument No. 20110420000542 on April 19, 2011.

Exhibit D – Copy of a notice of trustee's sale filed under King County Auditor's Instrument No. 2015231000627 on March 27, 2015.

Exhibit E – Copy of a notice of trustee's sale filed on November 14, 2016 under King County Auditor's Instrument No. 20161117000897.

Exhibit F – Copy of a referral to Washington Department of Commerce to commence mediation under Foreclosure Fairness Act (RCW 61.24.165) filed by Karen D. Smith on November 17, 2016.

Exhibit G – Copy of the Certification of Mediation filed on January 10, 2018.

Exhibit H – Copy of Notice of Discontinuance of Trustee's Sale filed on October 30, 2015 with the King County Auditor under instrument no. 20151030001641.

Exhibit I – Copy of Notice of Discontinuance of Trustee's Sale filed on December 5, 2016 with the King County Auditor under instrument no. 20161205000495.

**BASIS FOR REQUESTING JUDICIAL NOTICE**

Exhibits A – I:  These documents can either be accurately or readily determined from a source whose accuracy cannot reasonably be questioned or is an officially recorded document, and the date of recording and the contents contained therein at the time of recording are facts not reasonably subject to dispute and capable of immediate

Malcolm ♦ Cisneros, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, CA 92612

and accurate determination by resort to sources of reasonably indisputable accuracy.  ER 201.

Accordingly, Plaintiff respectfully requests that the Court take judicial notice of Exhibits A – I.

Respectfully submitted this 23rd day of August, 2018

By: /s/ Grant Courtney
Nathan Smith, WSBA No. 43160
Grant Courtney, WSBA No. 16248
Attorney for Plaintiff Bank of New York Mellon
Malcolm ♦ Cisneros, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California  92612
(949) 252-9400 (telephone)
(949) 252-1032 (facsimile)
gcourtney@mclaw.org

Exhibit A

## Electronically Recorded
## 20090527001824

SIMPLIFILE                                    NTS   46.00
Page 001 of 005
05/27/2009 03:00
King County, WA

**After recording, return to:**
**BAC Home Loans Servicing, LP**
**400 COUNTRYWIDE WAY  SV-35**
**SIMI VALLEY,  CA  93065**

File No.

**Grantors:**
RECONTRUST COMPANY,  N.A.
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**Grantee(s):**
 KAREN D SMITH

### Notice of Trustee's Sale
Pursuant To the Revised Code of Washington 61.24, et seq.

On August 28, 2009 at 10:00 AM outside adjacent to the south entrance to 3535 Factoria Blvd SE, Bellevue, Wa. 98006, State of Washington, the undersigned Trustee, RECONTRUST COMPANY, N.A., (subject to any conditions imposed by the trustee to protect the lender and borrower) will sell at public auction to the highest and best bidder, payable at time of sale, the following described real property, situated in the county(ies) of King, State of Washington:

Tax Parcel ID no.: 912610 0140 09
LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.

Commonly Known as: 819 21ST AVENUE,  SEATTLE, WA 98122

which is subject to that certain Deed of Trust dated 02/09/2007, recorded on 02/22/2007, under Auditor's File No. 20070222000469, records of King County, Washington from KAREN D. SMITH, AS HER SEPARATE ESTATE, as grantor, to TRANSNATION, as Trustee, to secure an obligation in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,  as beneficiary.

## II.

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any court by reason of the Grantor's or Borrower's default on the obligation secured by the Deed of Trust.

## III.

The Beneficiary alleges default of the Deed of Trust for failure to pay the following amounts now in arrears and/or other defaults:

| | |
|---|---|
| **A. Monthly Payments** | $88,076.32 |
| **B. Late Charges** | $145.86 |
| **C. Beneficiary Advances** | $1,108.85 |
| **D. Suspense Balance** | ($.00) |
| **E. Other Fees** | $0.00 |
| **Total Arrears** | **$89,331.03** |
| **F. Trustee's Expenses** | |
| **(Itemization)** | |
| Trustee's Fee | $540.00 |
| Title Report | $1,210.00 |
| Statutory Mailings | $64.06 |
| Recording Fees | $47.00 |
| Publication | $429.00 |
| Posting | $200.00 |
| **Total Costs** | **$2,490.06** |
| **Total Amount Due:** | **$91,821.09** |

Other potential defaults do not involve payment of the Beneficiary. If applicable, each of these defaults must also be cured. Listed below are categories of common defaults, which do not involve payment of money to the Beneficiary. Opposite each such listed default is a brief description of the action/documentation necessary to cure the default. The list does not exhaust all possible other defaults; any defaults identified by Beneficiary or Trustee that are not listed below must also be cured.

| OTHER DEFAULT | ACTION NECESSARY TO CURE |
|---|---|
| Nonpayment of Taxes/Assessments | Deliver to Trustee written proof that all taxes and assessments against the property are paid current |
| Default under any senior lien | Deliver to Trustee written proof that all senior liens are paid current and that no other defaults exist. |
| Failure to insure property against hazard | Deliver to Trustee written proof that the property is insured against hazard as required by the Deed of Trust |
| Waste | Cease and desist from committing waste, repair all damage to property and maintain property as required in Deed of Trust. |

Unauthorized sale of property (Due on Sale) Revert title to permitted vestee.

**IV.**

The sum owing on the obligation secured by the Deed of Trust is: Principal Balance of $356,250.00, together with interest as provided in the note or other instrument secured from 07/01/2007 and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

**V.**

The above-described real property will be sold to satisfy the expense of the sale and the obligation secured by the Deed of Trust as provided by statute. The sale will be made without warranty, express or implied regarding title, possession, or encumbrances on 08/28/2009. The default(s) referred to in paragraph III, together with any subsequent payments, late charges, advances costs and fees thereafter due, must be cured by 08/17/2009 (11 days before the sale date), to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before the close of the Trustee's business on 08/17/2009 (11 days before the sale date), the defaults(s) as set forth in paragraph III, together with any subsequent payments, late charges, advances, costs and fees thereafter due, is/are cured and the Trustee's fees and costs are paid. The sale may be terminated any time after 08/17/2009 (11 days before the sale date), and before the sale by the Borrower, Grantor, and Guarantor or the holder of any recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any made pursuant to the terms of the obligation and/or Deed of Trust.

**VI**

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the following address(es): ( See  attached list ).

by both first class and either certified mail, return receipt requested, or registered mail on 01/29/2008, proof of which is in the possession of the Trustee; and on 01/29/2008 Grantor and Borrower were personally served with said written notice of default or the written notice of default was posted on a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of such service or posting.

**VII.**

The Trustee whose name and address are set forth below will provide in writing to anyone requesting it a statement of all foreclosure costs and trustee's fees due at any time prior to the sale.

**VIII.**

The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their right, title and interest in the above-described property.

**IX.**

Anyone having any objections to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

**X.**

NOTICE TO OCCUPANTS OR TENANTS - The purchaser at the Trustee's Sale is entitled to possession of the property  on the 20th day following the sale, as against the grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants and tenants. After the 20th day following the sale of the purchaser has the right to evict occupants and tenants by summary proceedings under the unlawful detainer act, Chapter 59.12 RCW.

DATED: May 22, 2009                          RECONTRUST COMPANY, N.A.

By: _Cheryl Lee_____
G. Hernandez

Its Assistant Secretary   **CHERYL LEE**

State of: California
County of: Ventura

On **MAY 2 6 2009** before me _____**Ivette Pelayo**_____, notary public,
personally appeared _____**CHERYL LEE**_____, personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that he/she/they executed the same in his/her/thier
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official Seal.



IVETTE PELAYO
Commission # 1774807
Notary Public — California
Ventura County
My Comm. Expires Oct 21, 2011

RECONTRUST COMPANY, N.A.
1757 TAPO CANYON ROAD, SVW-88
SIMI VALLEY, CA 93063          Client: BAC Home Loans Servicing, LP
Phone: (800) 281-8219

Agent for service of process:    File No. 2008-3988
Corporation Service Company
202 North Phoenix Street
Olympia, WA 98506

**THIS FIRM IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE. THE DEBT SET FORTH ON THIS NOTICE WILL BE
ASSUMED TO BE VALID UNLESS YOU DISPUTE THE DEBT BY PROVIDING THIS OFFICE
WITH A WRITTEN NOTICE OF YOUR DISPUTE WITHIN 30 DAYS OF YOUR RECEIPT OF
THIS NOTICE, SETTING FORTH THE BASIS OF YOUR DISPUTE. IF YOU DISPUTE THE
DEBT IN WRITING WITHIN 30 DAYS, WE WILL OBTAIN AND MAIL VERIFICATION OF THE
DEBT TO YOU. IF THE CREDITOR IDENTIFIED IN THIS NOTICE IS DIFFERENT THAN
YOUR ORIGINAL CREDITOR, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS
OF THE ORIGINAL CREDITOR IF YOU REQUEST THIS INFORMATION IN WRITING WITHIN
30 DAYS.**

## Attachment to section VI:

**KAREN D SMITH**
PO Box 22417
Seattle, WA 98122
**KAREN D SMITH**
7617 NE 167TH
BOTHELL, WA 98011

**KAREN D SMITH**
819 21ST AVENUE
SEATTLE, WA 98122

# Exhibit B



TITLE COURT SE NTS
PAGE-001 OF 005        66.00
07/19/2010 14:39
KING COUNTY, WA

After recording, return to:
BAC Home Loans Servicing, LP
400 COUNTRYWIDE WAY  SV-35
SIMI VALLEY,  CA  93065

File No. 

### Notice of Trustee's Sale 2⁴
Pursuant To the Revised Code of Washington 61.24, et seq.

NOTICE IS HEREBY GIVEN that the undersigned Trustee, RECONTRUST COMPANY on October 15, 2010 at 10:00 AM the northwest corner of the ground level parking area located under the Pacific Corporate Center building, 13555 SE 36th Avenue, City of Bellevue, State of Washington, (subject to any conditions imposed by the trustee to protect the lender and borrower) will sell at public auction to the highest and best bidder, payable at time of sale, the following described real property, situated in the county(ies) of King, State of Washington:

Tax Parcel ID no.: 912610 0140 09

LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.

Commonly Known as: 819 21ST AVENUE , SEATTLE, WA 98122

which is subject to that certain Deed of Trust dated 02/09/2007, recorded on 02/22/2007, under Auditor's File No. 20070222000469 and  Deed of Trust  re-recorded on ____, under Auditor's File No. ___, records of King County, Washington from KAREN D. SMITH, AS HER SEPARATE ESTATE, as grantor, to TRANSNATION, as Trustee, to secure an obligation in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as beneficiary , the beneficial interest in which was assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHO LDERS OF CWABS ASSET-BACKED NOTES TRUST 2007-SD1, under an Assignment/Successive Assignments recorded under Auditor's File No.20100621000138.

### II.

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any court by reason of the Grantor's or Borrower's default on the obligation secured by the Deed of Trust.

5 ps

### III.

The Beneficiary alleges default of the Deed of Trust for failure to pay the following amounts now in arrears and/or other defaults:

| | | |
|---|---|---|
| A. | Monthly Payments | $150,005.32 |
| B. | Late Charges | $145.86 |
| C. | Beneficiary Advances | $909.00 |
| D. | Suspense Balance | ($.00) |
| E. | Other Fees | $0.00 |
| | **Total Arrears** | **$151,060.18** |
| F. | Trustee's Expenses (Itemization) | |
| | Trustee's Fee | $540.00 |
| | Title Report | $1,210.00 |
| | Statutory Mailings | $97.51 |
| | Recording Fees | $93.00 |
| | Publication | $429.00 |
| | Posting | $300.00 |
| | **Total Costs** | **$2,669.51** |
| | **Total Amount Due:** | **$153,729.69** |

Other potential defaults do not involve payment of the Beneficiary. If applicable, each of these defaults must also be cured. Listed below are categories of common defaults, which do not involve payment of money to the Beneficiary. Opposite each such listed default is a brief description of the action/documentation necessary to cure the default. The list does not exhaust all possible other defaults; any defaults identified by Beneficiary or Trustee that are not listed below must also be cured.

| OTHER DEFAULT: | ACTION NECESSARY TO CURE |
|---|---|
| Nonpayment of Taxes/Assessments | Deliver to Trustee written proof that all taxes and assessments against the property are paid current. |
| Default under any senior lien | Deliver to Trustee written proof that all senior liens are paid current and that no other defaults exist. |
| Failure to insure property against hazard | Deliver to Trustee written proof that the property is insured against hazard as required by the Deed of Trust. |
| Waste | Cease and desist from committing waste, repair all damage to property and maintain property as required in Deed of Trust. |
| Unauthorized sale of property (Due on Sale) | Revert title to permitted vestee. |

### IV.

The sum owing on the obligation secured by the Deed of Trust is: Principal Balance of $356,250.00, together with interest as provided in the note or other instrument secured from 07/01/2007 and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

### V.

The above-described real property will be sold to satisfy the expense of the sale and the obligation secured by the Deed of Trust as provided by statute. The sale will be made without warranty, express or implied regarding title, possession, or encumbrances on 10/15/2010. The default(s) referred to in paragraph III, together with any subsequent payments, late charges, advances costs and fees thereafter due, must be cured by 10/04/2010 (11 days before the sale date), to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before the close of the Trustee's business on 10/04/2010 (11 days before the sale date), the defaults(s) as set forth in paragraph III, together with any subsequent payments, late charges, advances, costs and fees thereafter due, is/are cured and the Trustee's fees and costs are paid. The sale may be terminated any time after 10/04/2010 (11 days before the sale date), and before the sale by the Borrower, Grantor, and Guarantor or the holder of any recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any made pursuant to the terms of the obligation and/or Deed of Trust.

### VI

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the address(es) enclosed: ( See Attachement to section vi ).

by both first class and either certified mail, return receipt requested, or registered mail on 01/29/2008, proof of which is in the possession of the Trustee; and on 01/29/2008 Grantor and Borrower were personally served with said written notice of default or the written notice of default was posted on a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of such service or posting.

### VII.

The Trustee whose name and address is set forth below will provide in writing to anyone requesting it a statement of all foreclosure costs and trustee's fees due at any time prior to the sale.

### VIII.

The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their right, title and interest in the above-described property.

### IX.

Anyone having any objections to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

### X.

NOTICE TO OCCUPANTS OR TENANTS - The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060 and/or any applicable Federal Law.

DATED: February 29, 2008

RECONTRUST COMPANY, N.A.

By: 

<u>Its: Assistant Secretary</u>

State of: California
County of: Ventura
On ____ JUL 1 3 2010 ____ before me _____ Ivette Pelayo _____, notary public,
personally appeared: _____ NORINE SCIDA _____, personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official Seal.

_____

> IVETTE PELAYO
> COMM. # 1774807
> NOTARY PUBLIC · CALIFORNIA
> VENTURA COUNTY
> My Commission Expires
> October 21, 2011

RECONTRUST COMPANY, N.A.
P.O. Box 10284
Van Nuys, CA 91410-0284
Phone: (800) 281-8219

Client: BAC Home Loans Servicing, LP

Agent for service of process:
CT Corporation System
1801 West Bay Drive NW, Ste 206
Olympia, WA 98502
Phone: (360) 357-6794

File No.

THIS FIRM IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE. THE DEBT SET FORTH ON THIS NOTICE WILL BE
ASSUMED TO BE VALID UNLESS YOU DISPUTE THE DEBT BY PROVIDING THIS OFFICE
WITH A WRITTEN NOTICE OF YOUR DISPUTE WITHIN 30 DAYS OF YOUR RECEIPT OF
THIS NOTICE, SETTING FORTH THE BASIS OF YOUR DISPUTE. IF YOU DISPUTE THE
DEBT IN WRITING WITHIN 30 DAYS, WE WILL OBTAIN AND MAIL VERIFICATION OF THE
DEBT TO YOU. IF THE CREDITOR IDENTIFIED IN THIS NOTICE IS DIFFERENT THAN
YOUR ORIGINAL CREDITOR, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS
OF THE ORIGINAL CREDITOR IF YOU REQUEST THIS INFORMATION IN WRITING WITHIN
30 DAYS.

**Attachment to section VI:**

**KAREN D SMITH**
PO Box 22417
Seattle, WA 98122
**KAREN D SMITH**
7617 NE 167TH
BOTHELL, WA 98011

**KAREN D SMITH**
819 21ST AVENUE
SEATTLE, WA 98122

Exhibit C

**Electronically Recorded**
**20110420000542**

SIMPLIFILE          NTS          66.00
Page 001 of 005
04/20/2011 12:57
King County, WA

After recording, return to:
**BAC Home Loans Servicing, LP**
**400 National way**
**SIMI VALLEY, CA  93065**

File No. 

### Notice of Trustee's Sale
Pursuant To the Revised Code of Washington 61.24, et seq.

NOTICE IS HEREBY GIVEN that the undersigned Trustee, RECONTRUST COMPANY on July 22, 2011 at 10:00 AM the northwest corner of the ground level parking area located under the Pacific Corporate Center building, 13555 SE 36th Avenue, City of Bellevue, State of Washington, (subject to any conditions imposed by the trustee to protect the lender and borrower) will sell at public auction to the highest and best bidder, payable at time of sale, the following described real property, situated in the county(ies) of King, State of Washington:

Tax Parcel ID no.: 912610 0140 09

LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.

Commonly Known as: 819 21ST AVENUE ,SEATTLE,WA 98122

which is subject to that certain Deed of Trust dated 02/09/2007, recorded on 02/22/2007,under Auditor's File No. 20070222000469 and  Deed of Trust  re-recorded on ___, under Auditor's File No. ___, records of King County, Washington from KAREN D. SMITH, AS HER SEPARATE ESTATE, as grantor, to TRANSNATION, as Trustee, to secure an obligation in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., as beneficiary , the beneficial interest in which was assigned by MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. to THE BANK OF NEW YORK MELLON FKA THE BANK OF NEW YORK, AS TRUSTEE FOR THE CERTIFICATEHO LDERS OF CWABS ASSET-BACKED NOTES TRUST 2007-SD1, under an Assignment/Successive Assignments recorded under Auditor's File No.20100621000138.

### II.

No action commenced by the Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any court by reason of the Grantor's or Borrower's default on the obligation secured by the Deed of Trust.

## III.

The Beneficiary alleges default of the Deed of Trust for failure to pay the following amounts now in arrears and/or other defaults:

|  |  |  |
|---|---|---|
| A. | Monthly Payments | $163,901.58 |
| B. | Late Charges | $145.86 |
| C. | Escrow Deficiency | $12,218.40 |
| D. | Suspense Balance | ($.00) |
| E. | Other Fees | $3,516.51 |
|  | **Total Arrears** | **$179,782.35** |
| F. | **Trustee's Expenses (Itemization)** |  |
|  | Trustee's Fee | $540.00 |
|  | Title Report | $1,210.00 |
|  | Statutory Mailings | $329.32 |
|  | Recording Fees | $159.00 |
|  | Publication | $872.46 |
|  | Posting | $400.00 |
|  | **Total Costs** | **$3,510.78** |
|  | **Total Amount Due:** | **$183,293.13** |

Other potential defaults do not involve payment of the Beneficiary. If applicable, each of these defaults must also be cured. Listed below are categories of common defaults, which do not involve payment of money to the Beneficiary. Opposite each such listed default is a brief description of the action/documentation necessary to cure the default. The list does not exhaust all possible other defaults; any defaults identified by Beneficiary or Trustee that are not listed below must also be cured.

| OTHER DEFAULT | ACTION NECESSARY TO CURE |
|---|---|
| Nonpayment of Taxes/Assessments | Deliver to Trustee written proof that all taxes and assessments against the property are paid current. |
| Default under any senior lien | Deliver to Trustee written proof that all senior liens are paid current and that no other defaults exist. |
| Failure to insure property against hazard | Deliver to Trustee written proof that the property is insured against hazard as required by the Deed of Trust. |
| Waste | Cease and desist from committing waste, repair all damage to property and maintain property as required in Deed of Trust. |

Unauthorized sale of property (Due on Sale)Revert title to permitted vestee.

## IV.

The sum owing on the obligation secured by the Deed of Trust is: Principal Balance of $356,250.00, together with interest as provided in the note or other instrument secured from 07/01/2007 and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

## V.

The above-described real property will be sold to satisfy the expense of the sale and the obligation secured by the Deed of Trust as provided by statute. The sale will be made without warranty, express or implied regarding title, possession, or encumbrances on 07/22/2011. The default(s) referred to in paragraph III, together with any subsequent payments, late charges, advances costs and fees thereafter due, must be cured by 07/11/2011 (11 days before the sale date), to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before the close of the Trustee's business on 07/11/2011 (11 days before the sale date), the defaults(s) as set forth in paragraph III, together with any subsequent payments, late charges, advances, costs and fees thereafter due, is/are cured and the Trustee's fees and costs are paid. The sale may be terminated any time after 07/11/2011 (11 days before the sale date), and before the sale by the Borrower, Grantor, and Guarantor or the holder of any recorded junior lien or encumbrance paying the entire balance of principal and interest secured by the Deed of Trust, plus costs, fees, and advances, if any made pursuant to the terms of the obligation and/or Deed of Trust.

## VI

A written notice of default was transmitted by the Beneficiary or Trustee to the Borrower and Grantor at the address(es) enclosed: ( See Attachement to section vi ).

by both first class and either certified mail, return receipt requested, or registered mail on 01/29/2008, proof of which is in the possession of the Trustee; and on 01/29/2008 Grantor and Borrower were personally served with said written notice of default or the written notice of default was posted on a conspicuous place on the real property described in paragraph I above, and the Trustee has possession of such service or posting.

## VII.

The Trustee whose name and address is set forth below will provide in writing to anyone requesting it a statement of all foreclosure costs and trustee's fees due at any time prior to the sale.

## VIII.

The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their right, title and interest in the above-described property.

## IX.

Anyone having any objections to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

## X.

NOTICE TO OCCUPANTS OR TENANTS - The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the grantor under the deed of trust (the owner) and anyone having an interest junior to the deed of trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060 and/or any applicable Federal Law.

DATED: February 29, 2008
*4-19-11* *8A*

RECONTRUST COMPANY, N.A.

4/19/11

By: ~~Steven Arredondo~~

Its: ~~Assistant Secretary~~
Authorized Signer

State of: California
County of: Ventura

KENNY VILLAVICENCIO

On APR 1 0 2008 before me _____, notary public,
personally appeared Steven Arredondo _____, personally known to
me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that he/she/they executed the same in his/her/thier
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

KENNY VILLAVICENCIO

KENNY VILLAVICENCIO
Commission # 1900876
Notary Public - California
Ventura County
My Comm. Expires Aug 22, 2014

RECONTRUST COMPANY, N.A.
P.O. Box 10284
Van Nuys, CA 91410-0284
Phone: (800) 281-8219

Agent for service of process:
CT Corporation System
1801 West Bay Drive NW, Ste 206
Olympia, WA 98502
Phone: (360) 357-6794

Client: BAC Home Loans Servicing, LP

File No. ▮▮▮▮▮▮▮▮

THIS FIRM IS ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL
BE USED FOR THAT PURPOSE. THE DEBT SET FORTH ON THIS NOTICE WILL BE
ASSUMED TO BE VALID UNLESS YOU DISPUTE THE DEBT BY PROVIDING THIS OFFICE
WITH A WRITTEN NOTICE OF YOUR DISPUTE WITHIN 30 DAYS OF YOUR RECEIPT OF
THIS NOTICE, SETTING FORTH THE BASIS OF YOUR DISPUTE. IF YOU DISPUTE THE
DEBT IN WRITING WITHIN 30 DAYS, WE WILL OBTAIN AND MAIL VERIFICATION OF THE
DEBT TO YOU. IF THE CREDITOR IDENTIFIED IN THIS NOTICE IS DIFFERENT THAN
YOUR ORIGINAL CREDITOR, WE WILL PROVIDE YOU WITH THE NAME AND ADDRESS
OF THE ORIGINAL CREDITOR IF YOU REQUEST THIS INFORMATION IN WRITING WITHIN
30 DAYS.

**Attachment to section VI:**

**KAREN D SMITH**
PO Box 22417
Seattle, WA 98122

**KAREN D SMITH**
7617 NE 167TH
BOTHELL, WA 98011

**KAREN D SMITH**
819 21ST AVENUE
SEATTLE, WA 98122

Exhibit D

**Electronically Recorded**
**20150331000627**
SIMPLIFILE                    NTS                    75.00
Page 001 of    004
03/31/2015 10:57
King County, WA

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Trustee Corps
1700 Seventh Avenue, Suite 2100
Seattle WA 98101

---

| TS No | APN 912610-0140-09 | TO No |
|---|---|---|

**1ST AM**

## NOTICE OF TRUSTEE'S SALE
### PURSUANT TO THE REVISED CODE OF WASHINGTON
### CHAPTER 61.24 ET. SEQ.

I. NOTICE IS HEREBY GIVEN that on **July 31, 2015, 10:00 AM, at the 4th Avenue entrance to the King County Administration Building, 500 4th Avenue, Seattle, WA 98104**, MTC Financial Inc. dba Trustee Corps, the undersigned Trustee, will sell at public auction to the highest and best bidder, payable, in the form of cash, or cashier's check or certified checks from federally or State chartered banks,  at the time of sale the following described real property, situated in the County of King, State of Washington, to-wit:

**LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.**

APN: **912610-0140-09**

More commonly known as **819 21ST AVENUE, SEATTLE, WA 98122**

which is subject to that certain Deed of Trust dated as of February 9, 2007, executed by KAREN D. SMITH, AS HER SEPARATE ESTATE as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as designated nominee for MORTGAGE SOLUTIONS MANAGEMENT, INC., Beneficiary of the security instrument, its successors and assigns, recorded February 22, 2007 as Instrument No. 20070222000469 and the beneficial interest was assigned to **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1** and recorded June 21, 2010 as Instrument Number 20100621000138 of official records in the Office of the Recorder of King County, Washington.

II. No action commenced by **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1**, the current Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrowers' or Grantors' default on the obligation secured by the Deed of Trust/Mortgage.

Current Beneficiary: **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1**
Contact Phone No: **800-365-7107**
Address: **15 South Main Street, Suite 400, Greenville, SC 29601**

**III.** The default(s) for which this foreclosure is made is/are as follows: FAILURE TO PAY WHEN DUE THE FOLLOWING AMOUNTS WHICH ARE NOW IN ARREARS:

### DELINQUENT PAYMENT INFORMATION

| From | To | Number of Payments | Monthly Payment | Total |
|------|------|------|------|------|
| July 1, 2007 | March 27, 2015 | 21 | $3,458.59 | $360,710.69 |
|  |  | 62 | $3,598.65 |  |
|  |  | 10 | $6,496.40 |  |

### LATE CHARGE INFORMATION

| July 1, 2007 | March 27, 2015 | | | $2,111.07 |
|------|------|------|------|------|

### PROMISSORY NOTE INFORMATION

| | |
|------|------|
| Note Dated: | **February 9, 2007** |
| Note Amount: | **$356,250.00** |
| Interest Paid To: | **June 1, 2007** |
| Next Due Date: | **July 1, 2007** |

**IV.** The sum owing on the obligation secured by the Deed of Trust is: The principal sum of $356,250.00, together with interest as provided in the Note or other instrument secured, and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

**V.** The above described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on **July 31, 2015**. The defaults referred to in Paragraph III must be cured by **July 20, 2015**, (11 days before the sale date) to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before **July 20, 2015** (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustees' fees and costs are paid. Payment must be in cash or with cashiers' or certified checks from a State or federally chartered bank. The sale may be terminated any time after the **July 20, 2015** (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust.

**VI.** A written Notice of Default was transmitted by the current Beneficiary, The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1 or Trustee to the Borrower and Grantor at the following address(es):

<u>ADDRESS</u>
UNKNOWN SPOUSE OF KAREN D SMITH
819 21ST AVENUE, SEATTLE, WA 98122

TS No ███████ APN 912610-0140-09 TO No ███████

UNKNOWN SPOUSE OF KAREN D SMITH
7617 N. E. 167TH, BOTHELL, WA 98011

UNKNOWN SPOUSE OF KAREN D SMITH
PO BOX 22417, SEATTLE, WA 98122

KAREN D SMITH
819 21ST AVENUE, SEATTLE, WA 98122

KAREN D SMITH
7617 N. E. 167TH, BOTHELL, WA 98011

KAREN D SMITH
PO BOX 22417, SEATTLE, WA 98122

by both first class and certified mail on February 18, 2015, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served, if applicable, with said written Notice of Default or the written Notice of Default was posted in a conspicuous place on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting.

**VII.** The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

**VIII.** The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above described property.

**IX.** Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustees' Sale.

**X.** If the Borrower received a letter under RCW 61.24.031:

THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.

You have only 20 DAYS from the recording date on this notice to pursue mediation.

DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW to assess your situation and refer you to mediation if you might eligible and it may help you save your home. See below for safe sources of help.

<u>SEEKING ASSISTANCE</u>

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission:
Telephone: (877) 894-4663 or (800) 606-4819   Website: www.wshfc.org

The United States Department of Housing and Urban Development:
Telephone: (800) 569-4287   Website: www.hud.gov

TS No ▓▓▓▓▓▓▓▓▓             APN 912610-0140-09                    TO No ▓▓▓▓▓▓

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys:
Telephone: (800) 606-4819    Website: www.homeownership.wa.gov

NOTICE TO OCCUPANTS OR TENANTS – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the Deed of Trust (the owner) and anyone having an interest junior to the Deed of Trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under the Unlawful Detainer Act, Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060;

Dated: ___03·27·2015___

**MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee**

By: Athena Vaughn, Authorized Signatory

MTC Financial Inc. dba Trustee Corps
1700 Seventh Avenue, Suite 2100
Seattle WA 98101
Phone: (800) 409-7530
TDD: (800) 833-6388

**For Reinstatement/Pay Off Quotes, contact MTC Financial Inc. DBA Trustee Corps**

**TRUSTEE'S SALE INFORMATION CAN BE OBTAINED ONLINE AT www.insourcelogic.com**

STATE OF WASHINGTON
COUNTY OF KING

I certify that I know or have satisfactory evidence that <u>ATHENA VAUGHN</u> is the person who appeared before me, and said person acknowledged that she signed this instrument, on oath stated that she was authorized to execute the instrument and acknowledged it as the **Authorized Signatory for MTC Financial Inc. DBA Trustee Corps** to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: ___3·27·2015___

_____
Notary Public in and for the State of Washington

Residing at <u>King County</u>

My Commission expires <u>02/15/2019</u>

Notary Public
State of Washington
KYLE PUTMAN
My Appointment Expires Feb 15, 2019

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.**

TS No ▮▮▮▮▮▮▮▮▮        APN 912610-0140-09        TO No ▮▮▮▮▮

# Exhibit E

**Electronically Recorded**
**20161117000897**
SIMPLIFILE                 NTS              76.00
Page 001 of   004
11/17/2016 02:04
King County, WA

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Trustee Corps
500 Union Street, Suite 620
Seattle, WA 98101

TS No ▮▮▮▮              APN 912610-0140-09           **1ST AM**    TO No ▮▮▮▮

## NOTICE OF TRUSTEE'S SALE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24 ET. SEQ.

I. NOTICE IS HEREBY GIVEN that on **March 24, 2017, 10:00 AM, at 4th Ave entrance King County Administration Building, located one block east of the Courthouse, 500 4th Ave, Seattle, WA,** MTC Financial Inc. dba Trustee Corps, the undersigned Trustee, will sell at public auction to the highest and best bidder, payable, in the form of cash, or cashier's check or certified checks from federally or State chartered banks, at the time of sale the following described real property, situated in the County of King, State of Washington, to-wit:

**LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.**

APN: **912610-0140-09**

More commonly known as **819 21ST AVENUE, SEATTLE, WA 98122**

which is subject to that certain Deed of Trust dated as of February 9, 2007, executed by KAREN D. SMITH, AS HER SEPARATE ESTATE as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as designated nominee for MORTGAGE SOLUTIONS MANAGEMENT, INC., Beneficiary of the security instrument, its successors and assigns, recorded February 22, 2007 as Instrument No. 20070222000469 and the beneficial interest was assigned to **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1** and recorded June 21, 2010 as Instrument Number 20100621000138 of official records in the Office of the Recorder of King County, Washington.

II. No action commenced by **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1,** the current Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrowers' or Grantors' default on the obligation secured by the Deed of Trust/Mortgage.

Current Beneficiary:   **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1**

Contact Phone No:   **800-365-7107**

Address: **75 Beattie Place, Suite 300, Greenville, SC 29601**

III. The default(s) for which this foreclosure is made is/are as follows: FAILURE TO PAY WHEN DUE THE FOLLOWING AMOUNTS WHICH ARE NOW IN ARREARS:

### DELINQUENT PAYMENT INFORMATION

| From | To | Number of Payments | Monthly Payment | Total |
|------|----|--------------------|-----------------|-------|
| July 1, 2007 | November 11, 2016 | 21 | $3,458.59 | $500,307.45 |
|  |  | 62 | $3,598.65 |  |
|  |  | 12 | $6,496.40 |  |
|  |  | 12 | $6,874.95 |  |
|  |  | 6 | $7,350.76 |  |

### LATE CHARGE INFORMATION

| From | To | Total |
|------|----|-------|
| July 1, 2007 | November 11, 2016 | $2,111.07 |

### PROMISSORY NOTE INFORMATION

| | |
|---|---|
| Note Dated: | **February 9, 2007** |
| Note Amount: | **$356,250.00** |
| Interest Paid To: | **June 1, 2007** |
| Next Due Date: | **July 1, 2007** |

IV. The sum owing on the obligation secured by the Deed of Trust is: The principal sum of $356,250.00, together with interest as provided in the Note or other instrument secured, and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

V. The above described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on **March 24, 2017**. The defaults referred to in Paragraph III must be cured by **March 13, 2017**, (11 days before the sale date) to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before **March 13, 2017** (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustees' fees and costs are paid. Payment must be in cash or with cashiers' or certified checks from a State or federally chartered bank. The sale may be terminated any time after the **March 13, 2017** (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust.

VI. A written Notice of Default was transmitted by the current Beneficiary, The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1 or Trustee to the Borrower and Grantor at the following address(es):

ADDRESS
KAREN D SMITH
819 21ST AVENUE, SEATTLE, WA 98122

KAREN D SMITH
7617 N. E. 167TH, BOTHELL, WA 98011

KAREN D SMITH
PO BOX 22417, SEATTLE, WA 98122

UNKNOWN SPOUSE OF KAREN D SMITH
819 21ST AVENUE, SEATTLE, WA 98122

UNKNOWN SPOUSE OF KAREN D SMITH
7617 N. E. 167TH, BOTHELL, WA 98011

UNKNOWN SPOUSE OF KAREN D SMITH
PO BOX 22417, SEATTLE, WA 98122

by both first class and certified mail on **February 18, 2015**, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served with said written Notice of Default or the written Notice of Default was posted in a conspicuous place **February 17, 2015** on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting.

**VII.** The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

**VIII.** The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above described property.

**IX.** Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustees' Sale.

**X.** If the Borrower received a letter under RCW 61.24.031:

THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.

You have only 20 DAYS from the recording date on this notice to pursue mediation.

**DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW** to assess your situation and refer you to mediation if you might eligible and it may help you save your home. See below for safe sources of help.

<u>SEEKING ASSISTANCE</u>

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Telephone: (877) 894-4663 or (800) 606-4819   Website: www.wshfc.org

The United States Department of Housing and Urban Development: Telephone: (800) 569-4287 Website: www.hud.gov

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: (800) 606-4819   Website: www.homeownership.wa.gov

**NOTICE TO OCCUPANTS OR TENANTS** – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the Deed of Trust (the owner) and anyone having an interest junior to the Deed of Trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under the Unlawful Detainer Act, Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060;

Dated: _11/14/16_

**MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee**

By: Alan Burton, Vice President

MTC Financial Inc. dba Trustee Corps
500 Union Street, Suite 620
Seattle, WA 98101
Toll Free Number: (844) 367-8456
TDD: (800) 833-6388

**For Reinstatement/Pay Off Quotes, contact MTC Financial Inc. DBA Trustee Corps**

**SALE INFORMATION CAN BE OBTAINED ON LINE AT** www.insourcelogic.com
**FOR AUTOMATED SALES INFORMATION PLEASE CALL:**
**In Source Logic AT 702-659-7766**

STATE OF WASHINGTON
COUNTY OF KING

I certify that I know or have satisfactory evidence that ALAN BURTON is the person who appeared before me, and said person acknowledged that he/she signed this instrument, on oath stated that he/she was authorized to execute the instrument and acknowledged it as the **Vice President for MTC Financial Inc. DBA Trustee Corps** to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: _11-14-16_

Notary Public in and for the State of Washington
Residing at King County
My Commission expires _Feb 9 2018_

Notary Public
State of Washington
CYNTHIA FEENEY
My Appointment Expires Feb 9, 2018

Trustee Corps may be acting as a debt collector attempting to collect a debt.
Any information obtained may be used for that purpose.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

# Exhibit F

# REFERRAL TO FORECLOSURE MEDIATION

Check if Trustee Sale is within the next 10 days ☐

## Law Firm or Counseling Agency:

| | |
|---|---|
| Attorney or Counselor Name: | Christina L Henry |
| Organization Name: | Henry, DeGraaff & McCormick, PS |
| Address: | 1833 N 105th St, Ste 203 |

| | | | |
|---|---|---|---|
| City: | Seattle | County: | King |
| State: | WA | Zip: | 98133 |
| | | Phone: | 206-330-0595 |

| | |
|---|---|
| Email: (Dept. of Commerce will send correspondence and notices to this email) | chenry@hdm-legal.com |

## Borrower(s) Contact Information:
If more than two borrowers, use the Additional Information box.

| | |
|---|---|
| Name: | Karen D. Smith |
| Mailing Address: | 819 21st Ave |
| City, Zip: | Seattle, 98122 |
| County: | King |
| Email: | ▓▓▓▓▓▓▓ |
| Phone: | ▓▓▓▓▓▓▓ |
| Name: | |
| Mailing Address: | |
| City, Zip | |
| County: | |
| Email: | |
| Phone: | |

## Borrower Information:

Is(are) the person(s) listed above the borrower(s) identified on the note/Deed of Trust?
☒ Yes  ☐ No

If No, is(are) the person(s) eligible under (see instructions):
☐ RCW 61.24.165(5)  or  ☐ RCW 61.24.165(6)

Is(are) the borrower(s) in bankruptcy (see instructions)?
☐ Yes  ☒ No

## Beneficiary (Holder of Note) Contact Information:
See definitions in RCW 61.24.005.

| | |
|---|---|
| Name of Beneficiary: | The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of teh CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1 |
| Mailing Address: | c/o Shellpoint Mortgage Svcing, PO Box 619063 |
| City: | Dallas |
| State, Zip: | TX 75261-9063 |
| Email: | |
| Phone: | 1-800-365-7107 |
| Loan No. (if known): | ▓▓▓▓▓▓ |

## Property Secured by Deed of Trust:

| | |
|---|---|
| Property Address: | 819 21st Ave |
| City: | Seattle |
| County: | King |
| State, Zip: | WA, 98122 |
| Parcel No. (optional) | 9126100140 |
| Lot No. (optional): | |

Is this Deed of Trust recorded against owner-occupied residential real property? The property must have been owner-occupied as of the date of the initial contact under RCW 61.24.031 was made (RCW 61.24.165). See definitions in RCW 61.24.005.
☒ Yes  ☐ No

## Voluntary Mediation (as of 6/12/2014):

Is this a "Voluntary Mediation Referral," meaning the borrower has failed to elect to mediate within the applicable time frame described in RCW 61.24.163(1)?
☐ Yes  ☒ No

If Yes, attach a voluntary mediation agreement signed by both parties to this referral form (see instructions).

## Notice of Pre-Foreclosure Options Letter:

| | |
|---|---|
| Date: | |

## Notice of Default (required):
Borrowers with NODs prior to 7/22/2011 may be referred to mediation up to one day prior to the date of the Trustee Sale. Borrowers with NODs after 7/22/2011 may be referred until 20 days after the date a Notice of Trustee Sale has been RECORDED.

| | |
|---|---|
| Date: | 2/18/2015 |

## Recording of Notice of Trustee Sale:

| | |
|---|---|
| Date: | 11/17/2016 |

## Date of Trustee Sale:

Form last revised 1/03/2016

| Client ID (optional): | | Date: | 3/24/2017 |

| Trustee Contact Information: | |
|---|---|
| Organization: | MTC Financial Inc. dba Trustee Corps |
| Contact Person: | Alan Burton |
| Mailing Address: | 500 Union Street, Ste 620 |
| City: | Seattle |
| State, Zip: | WA, 98101 |
| Email: | |
| Phone: | 844-367-8456 |
| Trustee Ref. No: | ███████████ |

| Servicer Contact Information (optional): | |
|---|---|
| Organization: | Shellpoint Mortgage Servicing |
| Contact Person: | |
| Mailing Address: | |
| City: | |
| State, Zip: | |
| Email: | |
| Phone: | |

**Additional information which may be helpful to the foreclosure mediation:**

The Borrower already discharged this loan in a Chapter 7 bankruptcy case

This referral is being made in my capacity as a:

☐ Housing Counselor

Name of HUD- or HFC-Approved Housing Agency:

☒ Attorney

WSBA #: 31273

☐ I will ☒ I will not be representing the borrower(s) during the foreclosure mediation.

I certify that I have reviewed the individual circumstance(s) of the borrower(s) and find that foreclosure mediation is appropriate. By signing below, I accept responsibility for the accuracy of this referral.

_Christopher R Henry, WSBA #31273_
Signature of referring attorney/housing counselor

_Christopher R Henry_
Print name of referring attorney/housing counselor

_11/30/2016_
Date

RECORDING REQUESTED BY:

WHEN RECORDED MAIL TO:

Trustee Corps
500 Union Street, Suite 620
Seattle, WA 98101

**Electronically Recorded**
**20161117000897**
SIMPLIFILE                    NTS                    76.00
Page 001 of 004
11/17/2016 02:04
King County, WA

APN 912610-0140-09          1ST AM

## NOTICE OF TRUSTEE'S SALE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24 ET. SEQ.

I. NOTICE IS HEREBY GIVEN that on March 24, 2017, 10:00 AM. at 4th Ave entrance King County Administration Building, located one block east of the Courthouse, 500 4th Ave, Seattle, WA, MTC Financial Inc. dba Trustee Corps, the undersigned Trustee, will sell at public auction to the highest and best bidder, payable, in the form of cash, or cashier's check or certified checks from federally or State chartered banks, at the time of sale the following described real property, situated in the County of King, State of Washington, to-wit:

LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.

APN: 912610-0140-09

More commonly known as 819 21ST AVENUE, SEATTLE, WA 98122

which is subject to that certain Deed of Trust dated as of February 9, 2007, executed by KAREN D. SMITH, AS HER SEPARATE ESTATE as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as designated nominee for MORTGAGE SOLUTIONS MANAGEMENT, INC., Beneficiary of the security instrument, its successors and assigns, recorded February 22, 2007 as Instrument No. 20070222000469 and the beneficial interest was assigned to The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1 and recorded June 21, 2010 as Instrument Number 20100621000438 of official records in the Office of the Recorder of King County, Washington.

II. No action commenced by The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1, the current Beneficiary of the Deed of Trust is now pending to seek satisfaction of the obligation in any Court by reason of the Borrowers' or Grantors' default on the obligation secured by the Deed of Trust/Mortgage.

Current Beneficiary:    The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1

Contact Phone No:    800-365-7107

Address: **75 Beattie Place, Suite 300, Greenville, SC 29601**

III. The default(s) for which this foreclosure is made is/are as follows: FAILURE TO PAY WHEN DUE THE FOLLOWING AMOUNTS WHICH ARE NOW IN ARREARS:

## DELINQUENT PAYMENT INFORMATION

| From | To | Number of Payments | Monthly Payment | Total |
|---|---|---|---|---|
| July 1, 2007 | November 11, 2016 | 21 | $3,458.59 | $500,307.45 |
| | | 62 | $3,598.65 | |
| | | 12 | $6,496.40 | |
| | | 12 | $6,874.95 | |
| | | 6 | $7,350.76 | |

## LATE CHARGE INFORMATION

| | | | | |
|---|---|---|---|---|
| July 1, 2007 | November 11, 2016 | | | $2,111.07 |

## PROMISSORY NOTE INFORMATION

| | |
|---|---|
| Note Dated: | February 9, 2007 |
| Note Amount: | $356,250.00 |
| Interest Paid To: | June 1, 2007 |
| Next Due Date: | July 1, 2007 |

IV. The sum owing on the obligation secured by the Deed of Trust is: The principal sum of $356,250.00, together with interest as provided in the Note or other instrument secured, and such other costs and fees as are due under the Note or other instrument secured, and as are provided by statute.

V. The above described real property will be sold to satisfy the expense of sale and the obligation secured by the Deed of Trust as provided by statute. Said sale will be made without warranty, expressed or implied, regarding title, possession or encumbrances on **March 24, 2017**. The defaults referred to in Paragraph III must be cured by **March 13, 2017**, (11 days before the sale date) to cause a discontinuance of the sale. The sale will be discontinued and terminated if at any time before **March 13, 2017** (11 days before the sale) the default as set forth in Paragraph III is cured and the Trustees' fees and costs are paid. Payment must be in cash or with cashiers' or certified checks from a State or federally chartered bank. The sale may be terminated any time after the **March 13, 2017** (11 days before the sale date) and before the sale, by the Borrower or Grantor or the holder of any recorded junior lien or encumbrance by paying the principal and interest, plus costs, fees and advances, if any, made pursuant to the terms of the obligation and/or Deed of Trust.

VI. A written Notice of Default was transmitted by the current Beneficiary, The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1 or Trustee to the Borrower and Grantor at the following address(es):

**ADDRESS**
KAREN D SMITH
819 21ST AVENUE, SEATTLE, WA 98122

KAREN D SMITH
7617 N. E. 167TH, BOTHELL, WA 98011

KAREN D SMITH
PO BOX 22417, SEATTLE, WA 98122

UNKNOWN SPOUSE OF KAREN D SMITH
819 21ST AVENUE, SEATTLE, WA 98122

UNKNOWN SPOUSE OF KAREN D SMITH
7617 N. E. 167TH, BOTHELL, WA 98011

UNKNOWN SPOUSE OF KAREN D SMITH
PO BOX 22417, SEATTLE, WA 98122

by both first class and certified mail on February 18, 2015, proof of which is in the possession of the Trustee; and the Borrower and Grantor were personally served with said written Notice of Default or the written Notice of Default was posted in a conspicuous place February 17, 2015 on the real property described in Paragraph I above, and the Trustee has possession of proof of such service or posting.

VII. The Trustee whose name and address are set forth below will provide in writing to anyone requesting it, a statement of all costs and fees due at any time prior to the sale.

VIII. The effect of the sale will be to deprive the Grantor and all those who hold by, through or under the Grantor of all their interest in the above described property.

IX. Anyone having any objections to this sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustees' Sale.

X. If the Borrower received a letter under RCW 61.24.031:

THIS NOTICE IS THE FINAL STEP BEFORE THE FORECLOSURE SALE OF YOUR HOME.

You have only 20 DAYS from the recording date on this notice to pursue mediation.

DO NOT DELAY. CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW to assess your situation and refer you to mediation if you might eligible and it may help you save your home. See below for safe sources of help.

## SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you. If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission: Telephone: (877) 894-4663 or (800) 606-4819. Website: www.wshfc.org

The United States Department of Housing and Urban Development: Telephone: (800) 569-4287 Website: www.hud.gov

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys: Telephone: (800) 606-4819 Website: www.homeownership.wa.gov

**NOTICE TO OCCUPANTS OR TENANTS** – The purchaser at the Trustee's Sale is entitled to possession of the property on the 20th day following the sale, as against the Grantor under the Deed of Trust (the owner) and anyone having an interest junior to the Deed of Trust, including occupants who are not tenants. After the 20th day following the sale the purchaser has the right to evict occupants who are not tenants by summary proceedings under the Unlawful Detainer Act, Chapter 59.12 RCW. For tenant-occupied property, the purchaser shall provide a tenant with written notice in accordance with RCW 61.24.060.

Dated: _11/19/16_

MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee

By: Alan Burton, Vice President

MTC Financial Inc. dba Trustee Corps
600 Union Street, Suite 620
Seattle, WA 98101
Toll Free Number: (844) 367-8456
TDD: (800) 833-6388

For Reinstatement/Pay Off Quotes, contact MTC Financial Inc. DBA Trustee Corps

SALE INFORMATION CAN BE OBTAINED ON LINE AT www.insourcelogic.com
FOR AUTOMATED SALES INFORMATION PLEASE CALL:
In Source Logic AT 702-659-7766

STATE OF WASHINGTON
COUNTY OF KING

I certify that I know or have satisfactory evidence that <u>ALAN BURTON</u> is the person who appeared before me, and said person acknowledged that he/she signed this instrument, on oath stated that he/she was authorized to execute the instrument and acknowledged it as the **Vice President** for **MTC Financial Inc. DBA Trustee Corps** to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: _11-14-16_

Notary Public in and for the State of Washington

Residing at _King County_

My Commission expires _Feb 9 2018_

Notary Public
State of Washington
CYNTHIA FEENEY
My Appointment Expires Feb 9, 2018

Trustee Corps may be acting as a debt collector attempting to collect a debt.
Any information obtained may be used for that purpose.

To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.

# Shellpoint
## Mortgage Servicing

**MORTGAGE STATEMENT**

**DO NOT SEND MAIL OR PAYMENTS TO THIS ADDRESS**
P.O. Box 619063 • Dallas, TX 75261-9063

| | |
|---|---|
| Account Number | |
| Next Due Date | 11/01/20 |
| **Amount Due** | **$513,363.2** |

*If payment is received after 11/16/2016, $0.00 late fee may be assessed.*

KAREN D SMITH
PO BOX 22417
SEATTLE WA 98122-0417

Phone: 866-316-4706
Website: www.shellpointmtg.com

## Explanation of Amount Due

| | |
|---|---|
| Principal | $337.: |
| Interest | $3,261.: |
| Escrow (Taxes and Insurance) | $3,752.: |
| **Regular Monthly Payment** | **$7,350.:** |
| Total Fees and Charges | $0.0 |
| Overdue Payment | $506,012.4 |
| **Total Amount Due** | **$513,363.:** |

## Account Information

| | |
|---|---|
| Outstanding Principal | $356,250.00 |
| Interest Rate (until 03/01/2017) | 11.6500% |
| Prepayment Penalty | None |
| Property Address: | 819 21ST AVENUE |
| | SEATTLE WA 98122 |
| Contractual Due Date: | July 1, 2007 |
| Current Escrow Balance: | -$40,697.57 |

## Past Payments Breakdown

| | Paid Last Month | Paid Year t Date |
|---|---|---|
| Principal | $0.00 | $0.( |
| Interest | $0.00 | $0.( |
| Escrow | $0.00 | $0.( |
| Fees/Late Charges | $0.00 | $0.( |
| **Total** | **$0.00** | **$0.(** |

## Transaction Activity (09/16/2016 - 10/16/2016)

| Date | Description | Charges | Paymen |
|---|---|---|---|
| 09/29/2016 | Occ Prop Insp Disbursement | $13.00 | $0. |
| 09/30/2016 | County Tax Bill 2 | $2,253.49 | $0. |

## Important Messages

**Partial Payments:** Any partial payments that you make are not applied to your mortgage, but instead are held in a separate suspense account according to applicable state law. If you pay the balance of a partial payment, the funds will be applied to your mortgage.

## Additional Messages

Please visit our website at www.shellpointmtg.com to view our Privacy Notice.

Repayment options may be available to you. Call 866-316-4706 to discuss payment arrangements. Failure to act on this matter may result in us exercising our legal rights as permitted by the contract and applicable state laws.

For information about your payments, total amount due, and any additional payment history, see reverse side.

## **Delinquency Notice**

You are late on your mortgage payments. Failure to bring your loan current may result in fees and foreclosure — the loss of your home. As of 10/17/2016, you are 3,396 days delinquent on your mortgage loan.
Recent Account History
o Payment due 05/01/16: unpaid balance of $459,258.64
o Payment due 06/01/16: unpaid balance of $7,350.76
o Payment due 07/01/16: unpaid balance of $7,350.76
o Payment due 08/01/16: unpaid balance of $7,350.76
o Payment due 09/01/16: unpaid balance of $7,350.76
o Payment due 10/01/16: unpaid balance of $7,350.76
o Payment due 11/01/16: current payment due
o Total: $513,363.20 due. You must pay this amount to bring your loan current.
If You Are Experiencing Difficulty: Please refer to the back of this statement for additional messages about mortgage counseling and assistance.

Exhibit G

# Foreclosure Mediation Report/Certification

This form must be completed in its entirety, signed and dated by the mediator, and sent to Department of Commerce, the borrower(s), beneficiary, and trustee within 7 business days after the conclusion of the mediation (RCW 61.24.163 (12)).

Once the certification is completed and submitted by the mediator, the mediation is closed. The mediator may revise or withdraw a submitted certification only if there has been a material oversight on her/his behalf prior to the certification's completion. Department of Commerce has no authority to modify or withdraw a certification or to re-open a mediation that had been certified and closed by a mediator. Under RCW 61.24.163, mediators, not Department of Commerce, are solely responsible for completing and submitting the certifications.

**BORROWERS:** Violating the duty of good faith under the Foreclosure Mediation Program is a violation of the Consumer Protection Act (19.86 RCW), per RCW 61.24.135. Please note that Department of Commerce sends copies of certifications showing "Beneficiary Not in Good Faith" to the Washington State Attorney General's Office (Consumer Protection Division) and to the Washington State Department of Financial Institutions for their review and possible investigation. Borrowers may be contacted for more information. However, borrowers who wish to avoid their foreclosure must act on their own behalf. Investigation or action by these agencies is NOT likely to stop the foreclosure.

A certification showing the beneficiary failed to act in good faith constitutes a borrower's defense to the non-judicial foreclosure action on the basis of which the mediation referral was made (RCW 61.24.163 (14)(a)). Also, if there was no agreement reached in the mediation and the NPV Question 3 below was answered "Yes," this certification constitutes a basis for the borrower to enjoin (stop) the foreclosure (RCW 61.24.163 (14)(c)). Borrowers need to take action (file a lawsuit) if they wish to enjoin their foreclosure. Borrowers can visit www.commerce. wa.gov/foreclosures for more details and to review their options (see the "What happens if there is no agreement after mediation?" or "Homeowner Resources" sections).

Borrowers should also know that a certification showing the borrower failed to act in good faith authorizes the beneficiary to move forward with the foreclosure (RCW 61.24.163 (15)).

|  | 1st Session | 2nd Session | 3rd Session | Session(s) Occurred | Yes | Mediator's Name | Julia Devin |
|---|---|---|---|---|---|---|---|
| Date | 04/27/2017 | 01/09/2018 |  | No. of Sessions Convened | 2 | Mediator's Phone | 206-697-0488 |
| Time | 1:30 p.m. | 9:30 a.m. |  | Is this an amended certification? | No | Mediator's Email | devinconsulting.mediation@gmail.com |
| Location | KCDRC | KCDRC |  |  |  | Co-Mediator's Name | None |

## Borrower(s) and Representative(s)   See RCW 61.24.163 (12)(b)

| Role | | Borrower | | | |
|---|---|---|---|---|---|
| Name | **Subject Property** | Karen D. Smith | | | |
| Address City State, Zip | 819 21st Ave Seattle, WA98122 | 819 21st Ave Seattle, WA98122 | | | |
| Parcel# | 9126100140 | | | | |
| Lot# | 16 and 17, Block 2 | | | | |
| Phone | | 206-295-7672 | | | |
| Email | | kdelores@msn.com | | | |
| Participation | | In Person | | | |

## Beneficiary and Representative(s)   See RCW 61.24.163 (12)(b) and (8)(a)

| Individual | Aldo Jimenez | Grant E. Courtney | | | |
|---|---|---|---|---|---|
| Title/Role | Loss Mitigation Specialist | Sr. Attorney | | | |
| Organization | Shellpoing | Malcolm Cisneros | | | |
| Address City State, Zip | C/O Malcolm Cisneros Attorneys | 5000 N.E. North Tolo Rd. Bainbridge Is., WA 98110 | | | |
| Phone | | 206-660-2059 | | | |
| Email | | Gcourtney@mclaw.org | | | |
| Participation | By Phone Med #1 | In Person#1/No Show#2 | | | |
| Authority | Auth'd to Settle | | | | |

# MEDIATION OUTCOME

### Session(s) Occurred - Agreement Reached

- ☐ Reinstatement
- ☐ Repayment
- ☐ Extension
- ☐ Adj Rate Changed to Fixed Rate
  - % Change:
- ☐ Amortization Extended
- ☐ Interest Rate Reduction
  - % Change:
- ☐ Principal Reduction
  - Amount: $
- ☐ Monthly Principal Payment Reduced
  - Amount: $
- ☐ Monthly Interest Payment Reduced
  - Amount: $
- ☐ Refinance
- ☐ Other Loan Restructure/Modification (new loan terms were not provided to mediator)
- ☐ Forbearance of Principal
  - Write-off: $
- ☐ Forbearance of Interest
  - Write-off: $
- ☐ Forbearance of Fees and Penalties
  - Write-off: $
- ☐ Forbearance - Other
  - Write-off: $
- ☐ Deed in Lieu of Foreclosure
- ☐ Short Sale - Debt/Interest Zeroed
- ☐ Voluntary Surrender
- ☐ Cash for Keys
- ☐ Other Non-Retention Agreement (specify - max. 100 characters):

### Session(s) Occurred - No Agreement Reached

- ☐ Borrower Unable to Meet Restructure Offer
- ☐ Borrower Unwilling to Accept Restructure Offer
- ☐ Parties Mediated in Good Faith, No Agreement Reached (specify - max. 100 characters):

**Borrower Not in Good Faith**
(see RCW 61.24.163 (15)):
- ☐ Borrower Failed to Provide Timely and/or Accurate Documents
- ☐ Borrower Failed to Timely Participate in Mediation
- ☐ Borrower's Representative Not Authorized to Make Binding Decisions
- ☐ Borrower Failed to Pay Mediation Fee
- ☐ Other (specify - max. 100 characters):

**Beneficiary Not in Good Faith**
(see RCW 61.24.163 (14) and (16)):
- ☐ Beneficiary Failed to Provide Timely and/or Accurate Documents
- ☒ Beneficiary Failed to Timely Participate in Mediation
- ☐ Beneficiary's Representative Not Authorized to Make Binding Decisions
- ☐ Beneficiary Failed to Pay Mediation Fee
- ☐ Beneficiary Requested Borrower to Waive Future Claims
- ☐ Other (specify - max. 100 characters):

### No Mediation Session Occurred

- ☐ HOME-RETENTION Agreement Reached Prior to Mediation Session (specify - max. 100 characters):
- ☐ NON-RETENTION Agreement Reached Prior to Mediation Session (specify - max. 100 characters):
- ☐ Borrower Withdrew from Mediation (specify reason - max. 100 characters):
- ☒ Mediation Cancelled by Mediator per RCW 61.24.163 (11)

**Borrower Not in Good Faith**
(see RCW 61.24.163 (15)):
- ☐ Borrower Failed to Provide Timely and/or Accurate Documents
- ☐ Borrower Failed to Timely Participate in Mediation
- ☐ Borrower Failed to Pay Mediation Fee
- ☐ Other (specify - max. 100 characters):

**Beneficiary Not in Good Faith**
(see RCW 61.24.163 (14) and (16)):
- ☐ Beneficiary Failed to Provide Timely and/or Accurate Documents
- ☐ Beneficiary Failed to Timely Participate in Mediation
- ☐ Beneficiary Failed to Pay Mediation Fee
- ☐ Other (specify - max. 100 characters):

- ☐ Other than the Above (specify - max. 100 characters):

## NET PRESENT VALUE (NPV)

| Yes | 1. Were NPV inputs provided by the beneficiary? (NPV inputs are required; see RCW 61.24.163 (5)(g) and (9)(c)) |

| Yes | 2. Was an NPV test/analysis completed? |

IF YES and the above outcome is "No Agreement Reached," attach the test (or its description) along with the NPV inputs, identify who prepared it, and provide the test result expressed in a dollar amount. (See RCW 61.24.163 (12)(e))

IF NO and the above outcome is "No Agreement Reached," include below an explanation as to why there was no NPV test done. If agreement was reached or no session occurred, there is no need to attach or describe the NPV test.

| N/A | 3. If YES on question 2, did the NPV of the modified loan exceed the anticipated net recovery at foreclosure? (See RCW 61.24.163 (14)(c)) |

## COMMENTS (max. 1,000 characters)

This certification is based on my review and consideration of the totality of the mediation process. I appreciate that at times both parties made efforts to participate in the mediation in good faith. However, taking into account the mediation process as a whole, the Beneficiary's non-responsiveness, lack of contractual authority to modify the loan -- which had to be remedied, late payment of mediation fees and non-appearance at the final mediation constitute a lack of good faith participation in the mediation process. Note: the attached NPV test does not include a Modification NPV so, while partially run, it does not appear to be complete.

I _____Julia Devin_____ do hereby attest and certify that all the information in this Mediation Report/Certification is true and correct.
(Full Name of Approved Mediator)

Signature _____  Date 1/10/2018

Exhibit H

**Electronically Recorded**
**20151030001641**

SIMPLIFILE                    DTS                    74.00
Page 001 of   002
10/30/2015 04:10
King County, WA

RECORDING REQUESTED BY


WHEN RECORDED MAIL TO:

Trustee Corps
1700 Seventh Avenue, Suite 2100
Seattle WA 98101


APN 912610-0140-09

## NOTICE OF DISCONTINUANCE OF TRUSTEE'S SALE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24, ET. SEQ.

Reference is made to that certain Deed of Trust dated as of February 9, 2007, executed by KAREN D. SMITH, AS HER SEPARATE ESTATE, as Trustor, to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as designated nominee for MORTGAGE SOLUTIONS MANAGEMENT, INC., Beneficiary of the security instrument, its successors and assigns, recorded February 22, 2007, as Instrument No. 20070222000469, of the official records in the Office of the Recorder of King County, Washington.

Said Deed of Trust encumbers the following described real property:

LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.

The undersigned Trustee, MTC Financial Inc. dba Trustee Corps, hereby discontinues the Trustee's Sale set by the **Notice of Trustee's Sale** which recorded **March 31, 2015**, as Instrument No. **20150331000627**, official records of **King** County, **Washington**.

This discontinuance shall not be construed as waiving any breach or default under the aforementioned Deed of Trust or as impairing any right or remedy thereunder, or as modifying or altering in any respect any of the terms, covenants, conditions or obligations thereof, but is and shall be deemed to be only an election, without prejudice, not to cause the sale to be made pursuant to the aforementioned Notice of Trustee's Sale.

Dated: 10|28|2015

**MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee**

By: Patrick Lynch, Authorized Signatory

STATE OF WASHINGTON
COUNTY OF KING

I certify that I know or have satisfactory evidence that <u>PATRICK LYNCH</u> is the person who appeared before me, and said person acknowledged that he/she signed this instrument, on oath stated that he/she was authorized to execute the instrument and acknowledged it as the **Authorized Signatory for MTC Financial Inc. DBA Trustee Corps** to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: 10 | 28 | 2015

Notary Public in and for the State of Washington
Residing at <u>King County</u>

My Commission expires <u>9/3/2019</u>

Notary Public
State of Washington
ANDREA FIELDS
My Appointment Expires Sep 3, 2019

## NOTICE OF DEFAULT
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24, ET. SEQ.

To:     **KAREN D. SMITH, AS HER SEPARATE ESTATE**

1. DEFAULT:

You are hereby notified that the Beneficiary has declared you in default on the obligation secured by a Deed of Trust dated as of February 9, 2007, executed by KAREN D. SMITH, AS HER SEPARATE ESTATE as Trustor(s), to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as designated nominee for MORTGAGE SOLUTIONS MANAGEMENT, INC., Beneficiary of the security instrument, its successors and assigns, recorded February 22, 2007 as Instrument No. 20070222000469 and the beneficial interest was assigned to **The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1** and recorded June 21, 2010 as Instrument Number 20100621000138 of official records in the Office of the Recorder of King County, Washington, and which Deed of Trust encumbers the following described real property:

**LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.**

APN: **912610-0140-09**

The postal address of which is more commonly known as: **819 21ST AVENUE, SEATTLE, WA 98122**

2. THIS NOTICE IS ONE STEP IN A PROCESS THAT COULD RESULT IN YOUR LOSING YOUR HOME:

You may be eligible for mediation in front of a neutral third party to help save your home.

CONTACT A HOUSING COUNSELOR OR AN ATTORNEY LICENSED IN WASHINGTON NOW to assess your situation and refer you to mediation if you might benefit.  Mediation MUST be requested between the time you receive the Notice of Default and no later than twenty days after the Notice of Trustee Sale is recorded.

DO NOT DELAY.  If you do nothing, a Notice of Sale may be issued as soon as 30 days from the date of this Notice of Default.  The Notice of Sale will provide a minimum of 120 days' notice of the date of the actual foreclosure sale.

BE CAREFUL of people who claim they can help you.  There are many individuals and businesses that prey upon borrowers in distress.

REFER TO THE CONTACTS BELOW for sources of assistance.

### SEEKING ASSISTANCE

Housing counselors and legal assistance may be available at little or no cost to you.  If you would like assistance in determining your rights and opportunities to keep your house, you may contact the following:

The statewide foreclosure hotline for assistance and referral to housing counselors recommended by the Housing Finance Commission:
Telephone: (877) 894-4663 or (800) 606-4819   Website: www.wshfc.org

The United States Department of Housing and Urban Development:
Telephone: (800) 569-4287   Website: www.hud.gov

The statewide civil legal aid hotline for assistance and referrals to other housing counselors and attorneys:
Telephone: (800) 606-4819   Website: www.homeownership.wa.gov

    a. In the event the property secured by the Deed of Trust is residential real property, the name and address of the owner of any Promissory Notes or other obligations secured by the Deed of Trust and the name, address, and telephone number of a party acting as a servicer of the obligations secured by the Deed of Trust.

    The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1
15 South Main Street, Suite 400
Greenville, SC 29601
Phone No. 800-365-7107

    b. For owner-occupied residential real property, before the notice of the Trustee's sale is recorded, transmitted, or served, the Beneficiary has complied with RCW 61.24.031 and, if applicable, RCW 61.24.163.

**3. STATEMENT OF DEFAULT AND ITEMIZED ACCOUNT OF AMOUNTS IN ARREARS:**

The Beneficiary, The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1, alleges that you are in default for the following reasons:

    a. FAILURE TO PAY THE FOLLOWING PAST DUE AMOUNTS, WHICH ARE IN ARREARS:

Due from 07/01/2007 through 02/13/2015 as follows:
21 monthly payment(s) at $3,458.59
62 monthly payment(s) at $3,598.65

| | |
|---|---:|
| 9 monthly payment(s) at $6,496.40 | $354,214.29 |
| Late Charges due from 07/01/2007 through 02/13/2015 | $2,111.07 |
| Corporate Advances | $5,500.99 |
| Escrow Required | $4,672.76 |
| Legal Fee Balance | $540.00 |
| **TOTAL MONTHLY PAYMENTS AND LATE CHARGES DUE:** | **$367,039.11** |

**4. OTHER CHARGES, COSTS AND FEES:**

In addition to the amount in arrears specified above, you are or may be obligated to pay the following charges, costs and fees to reinstate the Deed of Trust if reinstatement is made before the recording of the Notice of Trustee's Sale:

| | |
|---|---:|
| Trustee's Fee | $450.00 |
| Cost of Title Report for foreclosure (estimated) | $1,251.59 |
| Postage expenses (estimated) | $50.00 |
| Service / Posting of the Notice of Default (estimated) | $50.00 |
| Document recording | $14.00 |
| **TOTAL CHARGES, FEES AND COSTS:** | **$1,815.59** |

**5. REINSTATEMENT     IMPORTANT! PLEASE READ!**

a. The estimated amount necessary to reinstate your Deed of Trust and the obligation secured thereby before the recording of the Notice of Trustee's Sale is the sum of paragraphs 3 and 4 above in the estimated amount of **$368,854.70** PLUS the amount of any monthly payments, late charges and advances which may fall due after the date of this Notice of Default.

b. In the event you tender reinstatement before the recording of the Notice of Trustee's Sale, you must be sure to add the amount shown above any monthly payments and/or late charges, if any, which fall due after the date of this Notice of Default.

c. Because some of the stated costs are continuing and can only be estimated at this time, or because the amount necessary to reinstate your loan may include presently unknown expenditures required to preserve the property, or to comply with state or local laws, it is necessary that you contact the undersigned prior to the time you tender funds so that you may be advised of the exact amount you will be required to pay. Payment must be in the full amount by cashier's check, and mailed to the undersigned. Personal checks will not be accepted.

d. If your default includes a default other than failure to pay monthly payments and/or late charges when due, then in order to reinstate the Deed of Trust and the obligation secured thereby before the Notice of Trustee's Sale is recorded, you must cure such other default(s).

e. No additional fees or costs will be incurred prior to the time the Notice of Trustees' Sale is recorded; the Notice of Trustee's Sale may be recorded after thirty (30) days from the date this notice is mailed and served upon you or posted upon the premises, whichever occurs latest.

**For Reinstatement/Pay Off Quotes, contact MTC Financial Inc. DBA Trustee Corps**

Reinstatement monies in the form of a cashier's check may be tendered to:

**MTC Financial Inc. dba Trustee Corps**
**ATTN: REINSTATEMENT/PAY OFF DEPT**
**1700 Seventh Avenue, Suite 2100**
**Seattle, WA 98101**
**Phone: (800) 409-7530**
**TDD: (800) 833-6388**

**6.** CONSEQUENCES OF DEFAULT:

    a.  Failure to cure said alleged default(s) within thirty days of the date of mailing of this notice, or if personally served, within thirty days of the date of personal service thereof, may lead to recording, transmittal and publication of a Notice of Trustee's Sale, and the property described in paragraph 1 above may be sold at public auction at a date no less than 120 days in the future.

    b.  The effect of the recording, transmittal and publication of a Notice of Trustee's Sale will be to (i) increase the costs and fees and (ii) publicize the default and advertise the property described herein for sale.

    c.  If the default(s) described above is/are not cured on or before the 11th day prior to a Trustee's Sale date, which may hereafter be set, the entire principal balance owing on that obligation secured by the Deed of Trust described in paragraph 1 above, and all accrued and unpaid interest as well as costs of foreclosure, shall be immediately due and payable.

    d.  The effect of a Trustee's Sale of the above described property by the Trustee will be to deprive you, or your successor in interest, and all of those whom hold by, through or under you of all of your or their interest in the property described in paragraph 1 above and satisfy the obligation secured by the above Deed of Trust.

**7.** RECOURSE TO COURTS:

You or your successor(s) in interest have recourse to the courts pursuant to RCW 61.24.130 to contest the alleged default on any proper ground.

Dated: 02·13·2015        **MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee**

By: Athena Vaughn, Authorized Signatory
Phone: (800) 409-7530

**To the extent your original obligation was discharged, or is subject to an automatic stay of bankruptcy under Title 11 of the United States Code, this notice is for compliance and/or informational purposes only and does not constitute an attempt to collect a debt or to impose personal liability for such obligation. However, a secured party retains rights under its security instrument, including the right to foreclose its lien.**

# FORECLOSURE LOSS MITIGATION FORM

TRUSTEE SALE NO: ▮▮▮▮▮▮▮▮▮▮▮
BORROWER(S): **KAREN D SMITH**
SUBJECT PROPERTY: **819 21ST AVENUE, SEATTLE, WA 98122**

**Please select applicable option(s) below.**

The undersigned beneficiary or authorized agent for the beneficiary hereby represents and declares under the penalty of perjury that [check the applicable box and fill in any blanks so that the beneficiary, authorized agent, or trustee can insert, on the beneficiary's behalf, the applicable declaration in the notice of default required under 61.24 RCW]:

(1) ☒ The beneficiary or beneficiary's authorized agent has contacted the borrower under, and has complied with, RCW 61.24.031 (contact provision to "assess the borrower's financial ability to pay the debt secured by the deed of trust and explore options for the borrower to avoid foreclosure") and the borrower responded but did not request a meeting.

(2) ☐ The Beneficiary or Beneficiary's authorized agent has contacted the borrower as required under RCW 61.21.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was held on _____ in compliance with RCW 61.24.031.

(3) ☐ The beneficiary or beneficiary's authorized agent has contacted the borrower as required in RCW 61.24.031 and the borrower or the borrower's designated representative requested a meeting. A meeting was scheduled for _____ and neither the borrower nor the borrower's designated representative appeared.

(4) ☐ The beneficiary or beneficiary's authorized agent has exercised due diligence to contact the borrower as required in RCW 61.24.031(5) and the borrower did not respond.

(5) ☐ The borrower has surrendered the secured property as evidenced by either a letter confirming the surrender or by delivery of the keys to the secured property to the beneficiary, the beneficiary's authorized agent or to the trustee.

This declaration is made for the purpose of inducing trustee to prepare, record, and post a Notice of Sale under the Deed of Trust in which the undersigned has an interest knowing that the Trustee will rely upon the truth and accuracy of the statements contained herein preparing, recording, and posting the Notice of Sale.

Dated: *October 28, 2014*

By: *Gary Cowherd*

Name/Title: *Gary Cowherd, Loss Mitigation Specialist*

Company: **New Penn Financial, LLC D/B/A Shellpoint Mortgage Servicing as Servicer for The Bank of New York Mellon FKA The Bank of New York as Trustee for the Benefit of the Certificateholders of the CWABS, Inc. Asset-Backed Certificates, Series 2007-SD1**

# Exhibit I

**Electronically Recorded**
**20161205000495**

SIMPLIFILE        DTS      74.00
Page 001 of 002
12/05/2016 11:19
King County, WA

RECORDING REQUESTED BY

WHEN RECORDED MAIL TO:

Trustee Corps
500 Union Street, Suite 620
Seattle, WA 98101

APN 912610-0140-09

## NOTICE OF DISCONTINUANCE OF TRUSTEE'S SALE
## PURSUANT TO THE REVISED CODE OF WASHINGTON
## CHAPTER 61.24, ET. SEQ.

Reference is made to that certain Deed of Trust dated as of February 9, 2007, executed by KAREN D. SMITH, AS HER SEPARATE ESTATE, as Trustor, to secure obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), as designated nominee for MORTGAGE SOLUTIONS MANAGEMENT, INC., Beneficiary of the security instrument, its successors and assigns, recorded February 22, 2007, as Instrument No. 20070222000469, of the official records in the Office of the Recorder of King County, Washington.

Said Deed of Trust encumbers the following described real property:

LOT 16 AND 17 IN BLOCK 2 OF WALLA WALLA ADDITION TO THE CITY OF SEATTLE, AS PER PLAT RECORDED IN VOLUME 5 OF PLATS, PAGE 81, RECORDS OF KING COUNTY AUDITOR; SITUATE IN THE CITY OF SEATTLE, COUNTY OF KING, STATE OF WASHINGTON.

The undersigned Trustee, MTC Financial Inc. dba Trustee Corps, hereby discontinues the Trustee's Sale set by the **Notice of Trustee's Sale** which recorded **November 17, 2016**, as Instrument No. **20161117000897**, official records of King County, Washington.

This discontinuance shall not be construed as waiving any breach or default under the aforementioned Deed of Trust or as impairing any right or remedy thereunder, or as modifying or altering in any respect any of the terms, covenants, conditions or obligations thereof, but is and shall be deemed to be only an election, without prejudice, not to cause the sale to be made pursuant to the aforementioned Notice of Trustee's Sale.

Dated: _____12/2/16_____

**MTC Financial Inc. dba Trustee Corps, as Duly Appointed Successor Trustee**

By: Alan Burton, Vice President

STATE OF WASHINGTON
COUNTY OF KING

I certify that I know or have satisfactory evidence that <u>ALAN BURTON</u> is the person who appeared before me, and said person acknowledged that he/she signed this instrument, on oath stated that he/she was authorized to execute the instrument and acknowledged it as the **Vice President for MTC Financial Inc. DBA Trustee Corps** to be the free and voluntary act of such party for the uses and purposes mentioned in the instrument.

Dated: 12-2-16

Notary Public in and for the State of Washington

Residing at <u>King County</u>

My Commission expires Feb 9, 2018

Notary Public
State of Washington
CYNTHIA FEENEY
My Appointment Expires Feb 9, 2018