1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF WASHINGTON

### AT SEATTLE

| | |
|---|---|
| THE BANK OF NEW YORK MELLON AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-SD1 FKA THE BANK OF NEW YORK, <br><br> Plaintiff, <br><br> v. <br><br> KAREN D. SMITH, and DOES 1 through 50, <br><br> Defendants. | Case Number: 2:18-cv-00764-TSZ <br><br> **NOTICE OF APPEAL** |

Notice is hereby given that plaintiff, The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates Series 2007-SD1 FKA The Bank of New York ("BONY"), in the above-named case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from the Order granting defendant Karen D. Smith's Motion to Dismiss, entered on October 17, 2018, as docket entry number 16, and attached hereto as Exhibit "A".

The Representation Statement required by FRAP 12(b) and CR 3-2 is attached hereto as Exhibit "B.

DATED: November 6, 2018

Respectfully Submitted,
MALCOLM ♦ CISNEROS, A Law Corporation

By:  */s/ Nathan F. Smith*
NATHAN F. SMITH. #43160
Attorneys for The Bank of New York Mellon

Malcolm ♦ Cisneros, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, CA 92612

# EXHIBIT "A"

EXHIBIT "A"

1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7

8

9

10

11

12

13

14

15

THE BANK OF NEW YORK
MELLON AS TRUSTEE FOR THE
BENEFIT OF THE CERTIFICATE
HOLDERS OF THE CWABS, INC.,
ASSET-BACKED CERTIFICATES,
SERIES 2007-SD1 FKA THE BANK
OF NEW YORK,

                Plaintiff,

    v.

KAREN D. SMITH, and DOES 1
through 50,

                Defendants.

C18-764 TSZ

ORDER

16

17

18

19

      THIS MATTER comes before the Court on Defendant Karen Smith's ("Smith")
Motion to Dismiss, docket no. 10.  The parties have also filed Requests for Judicial
Notice, docket nos. 11 & 14.  Having reviewed all papers filed in support of, and in
opposition to, the motion, the Court enters the following order.

20

**Background**

21

22

      Defendant Karen Smith received a $356,250.00 mortgage loan on February 9,
2007, secured by a Deed of Trust against real property in Seattle.  Complaint, docket

23

ORDER - 1

1   no. 1, Ex. 2 ¶¶ 4-6.  Smith stopped paying her mortgage shortly thereafter, on July 1,

2   2007, and never made another installment payment on the loan.  *Id.* ¶ 9.  She filed for

3   bankruptcy on September 5, 2007, and received a discharge of debts—including her

4   mortgage obligation—on September 11, 2009.[1]  Def.'s RJN (docket no. 11), Ex. 7.

5         Plaintiff BONY initiated several non-judicial foreclosure actions over the ensuing

6   years.  The first action commenced with a recorded notice of trustee sale on May 27,

7   2009 setting an August 28, 2009 sale date.  Pl.'s RJN (docket no. 14), Ex. A.  According

8   to Plaintiff, the "sale did not occur and the proposed August 2009 sale was not

9   continued."  Pl.'s Response (docket no. 13) at 3.  Plaintiff next recorded a July 19, 2010

10  notice of sale scheduled for October 15, 2010.  Pl.'s RJN, Ex. B.  Again, Plaintiff

11  represents that the sale did not occur and was not continued.  Pl.'s Response at 3.

12  Plaintiff recorded another notice on April 19, 2011 for a July 22, 2011 sale.  Pl.'s RJN,

13  Ex. C.  Again, the sale never occurred and was not continued.  Pl.'s Response at 3.  On

14  March 27, 2015, Plaintiff recorded another notice of sale for July 31, 2015.  Pl.'s RJN,

15  Ex. D.  That sale was discontinued on October 30, 2015 when Plaintiff filed a Notice of

16  Discontinuance.  *Id.*, Ex. H.  Plaintiff recorded another notice of sale on November 14,

17  2016 for a sale to take place on March 24, 2017.  *Id.*, Ex. E.  Plaintiff discontinued that

18  sale on December 5, 2016 because in the interim the Defendant commenced mediation

19  under Washington's Foreclosure Fairness Act (RCW 61.24.165).  *Id.*, Ex. I, F.

---

[1] Although her personal obligation was discharged, BONY retained an in rem interest in the Property even after the discharge.  *Johnson v. Home State Bank*, 501 U.S. 78, 82-84 (1991).

ORDER - 2

1    Mediation ended January 10, 2018 with a certification that BONY had not

2    participated "in good faith" due to general non-responsiveness, late payment of mediation

3    fees, and non-appearance at the final mediation. *Id.*, Ex. G. Plaintiff then commenced

4    this action in state court on April 11, 2018, and Smith removed it to this Court

5    approximately one month later.

6    **Discussion**

7    **I.    Motion to Dismiss Standard**

8    When a complaint fails to adequately state a claim, such deficiency should be

9    "exposed at the point of minimum expenditure of time and money by the parties and the

10   court." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). A complaint may be

11   lacking for one of two reasons: (i) absence of a cognizable legal theory, or (ii)

12   insufficient facts under a cognizable legal claim. *Robertson v. Dean Witter Reynolds,*

13   *Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). In ruling on a motion to dismiss, the Court must

14   assume the truth of the plaintiff's allegations and draw all reasonable inferences in the

15   plaintiff's favor. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). The

16   question for the Court is whether the facts in the complaint sufficiently state a "plausible"

17   ground for relief. *Twombly*, 550 U.S. at 570. If the Court considers matters outside the

18   complaint, it must convert the motion into one for summary judgment. Fed. R. Civ. P.

19   12(d). The Court may, however, consider facts outside the pleadings that are subject to

20   judicial notice without converting the motion to dismiss into a motion for summary

21   judgment. *Estate of Blue v. County of Los Angeles*, 120 F.3d 982, 984 (9th Cir. 1997). If

22

23

ORDER - 3

1    the Court dismisses the complaint or portions thereof, it must consider whether to grant

2    leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

3    **II.     Analysis**

4           **a.  Statute of Limitations**

5           Smith's motion to dismiss raises only one issue: the statute of limitations.

6    According to Smith, BONY waited too long—more than six years—to enforce its

7    remaining rights under the Promissory Note and its foreclosure action is barred under

8    RCW 4.16.040. *See Edmundson v. Bank of Am.*, 194 Wn. App. 920, 927, 378 P.3d 272

9    (2016).

10          **b.  Tolling Under RCW 61.24.040(6)**

11          BONY does not dispute that the six-year limitations period under RCW 4.16.040

12   applies. Pl.'s Response at 5.  BONY also concedes that the statute would have expired if

13   it ran continuously from the date of Smith's discharge on September 11, 2009.  Rather

14   BONY argues the statute was tolled during BONY's numerous foreclosure actions and

15   during the mediation.  By BONY's calculations, the statute was tolled for 1,185 days, and

16   the limitations period will expire—at the earliest—on December 9, 2018.

17          Smith, in turn, concedes that the statute was tolled during the foreclosure

18   proceedings, but disagrees about the length of those tolling periods.  BONY's

19   calculations include an extra 120 days after each of the scheduled trustee sale dates, even

20   though the sales were not continued.  Smith argues that the extra 120 days should not be

21   included, and the tolling periods ended on the dates of the scheduled sales.  She also

22   disagrees that any of the mediation tolled the statute.

23

ORDER - 4

### 1. Tolling During Foreclosure

Commencement of non-judicial foreclosure proceedings tolls the statute of limitations. *Fujita v. Quality Loan Serv. Corp. of Washington*, No. 16-925, 2016 WL 4430464 (W.D. Wash. Aug. 22, 2016).  In a non-judicial foreclosure, the trustee has the discretion to continue the sale for any reason by making an announcement at the time and place of the scheduled sale or posting notice in a specific manner.  RCW 61.24.040(10). Specifically, the statute provides as follows

> [t]he trustee has no obligation to, but may, for any cause the trustee deems advantageous, continue the sale for a period or periods not exceeding a total of one hundred twenty days by (a) a public proclamation at the time and place fixed for sale in the notice of sale and if the continuance is beyond the date of sale, by giving notice of the new time and place of the sale by both first class and either certified or registered mail, return receipt requested, to the person specified in subsection (1)(b)(i) and (ii) of this section . . .  or, alternatively, (b) by giving notice of the time and place of the postponed sale in the manner and to the persons specified in subsection (5) of this section, more than seven days before the date fixed for sale in the notice of sale.

RCW 61.24.040(10).  BONY admits that the "statute of limitations will begin to run again if the sale is not held or the sale is not continued."  Pl.'s Response at 6 (citing *Bingham v. Lechner*, 111 Wn. App. 118, 131, 45 P.3d 562 (2002)).  BONY also admits that none of the sales were held or continued, so the tolling periods ended on the dates of the sales and were not automatically extended for another 120 days.  Without the additional 120 days of tolling, BONY's scheduled foreclosure sales tolled the statute for no more than 438 days because the tolling ceased on the dates fixed for each sale as a matter of law.

**2. Tolling During Mediation**

BONY argues that it should receive another 420 days of tolling during the pendency of mediation. The Court need not reach the issue because BONY needs the full tolling during both the mediation and the foreclosure sales in order to extend the limitations period long enough to avoid dismissal. Even if BONY could claim the additional 420 days of tolling during mediation, the limitations period would have expired in January 2018, approximately four months before BONY filed this action.

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1)     Defendant's Motion to Dismiss, docket no. 10, is GRANTED with prejudice.

(2)     Defendant's Request for Judicial Notice (docket no. 11) and Plaintiff's Request for Judicial Notice (docket no. 15) are GRANTED.

(3)     The Clerk is directed to send a copy of this Order to all counsel of record and to CLOSE this case.

IT IS SO ORDERED.

Dated this 16th day of October, 2018.

Thomas S. Zilly
United States District Judge

ORDER - 6

# EXHIBIT "B"

EXHIBIT "B"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

| | |
|---|---|
| THE BANK OF NEW YORK MELLON AS TRUSTEE FOR THE BENEFIT OF THE CERTIFICATE HOLDERS OF THE CWABS, INC., ASSET-BACKED CERTIFICATES, SERIES 2007-SD1 FKA THE BANK OF NEW YORK, | Case Number: 2:18-cv-00764-TSZ |
| | **REPRESENTATION STATEMENT** |

    Plaintiff,

v.

KAREN D. SMITH, and DOES 1 through 50,

    Defendants.

17

18

    PLEASE TAKE NOTICE that pursuant to FRAP 12(b) and CR 3-2, the parties to this case include:

19

20

**Appellant:**
The Bank of New York Mellon as Trustee for the benefit of the Certificate Holders of the CWABS, Inc., Asset-Backed Certificates Series 2007-SD1 FKA The Bank of New York

21

22

23

24

25

26

**Represented by:**
Nathan F. Smith, Esq.
WSBA #43160
Malcolm ♦ Cisneros, a Law Corporation
2112 Business Center Drive
Irvine, CA 92612
Telephone: (949) 252-9400
Fax: (949) 252-1032
E-mail: nathan@mclaw.org

27

28

Malcolm ♦ Cisneros, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, CA 92612

**Appellee:**
Karen D. Smith

**Represented by:**
Christina Latta Henry
WSBA #31273
Henry & Degraaff, PS
150 Nickerson St., Suite 311
Seattle, WA 98109
Telephone: (206) 330-0595
Fax: (206) 400-7609
Email: chenry@HDM-legal.com

Vicente Omar Barraza
WSBA #43589
Barraza Law PLLC
14245 Fambaum Blvd SW
Seattle, WA 98166
Telephone: (206) 933-7861
Fax: (206) 933-7863
E-mail: omar@barrazalaw.com

DATED: November 6, 2018                 Respectfully Submitted,
                                        MALCOLM ♦ CISNEROS, A Law Corporation

                                        By: /s/ Nathan F. Smith
                                            NATHAN F. SMITH. #43160
                                            Attorneys for The Bank of New York Mellon

Representation Statement                 2

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2018, I electronically filed the foregoing **NOTICE OF APPEAL** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Vicente Omar Barraza
omar@barrazalaw.com,admin@barrazalaw.com,vobarraza@gmail.com

Grant Ervin Courtney
courtneylaw@comcast.net

Christina Latta Henry
chenry@HDM-legal.com,mainline@hdm-legal.com,HenryDeGraaffPS@jubileebk.net

Nathan F. Smith
nathan@mclaw.org


Dated:  November 6, 2018                MALCOLM ♦ CISNEROS, A Law Corporation

_____
Christina Valenzuela
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California  92612
Phone: (949) 252-9400
Fax: (949) 252-1032
Email: cvalenzuela@mclaw.org

Notice of Appeal